UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PERRY ROBERSON                                              CIVIL ACTION

VERSUS                                                      NO. 05-6050

SEACOR MARINE LLC ET AL.                                    SECTION "C" (2)

### ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: Plaintiff's Motion to Compel Discovery Responses of Gulf Coast Marine Fabricators, Inc., Record Doc. No. 49

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART. The motion is granted as to Requests for Production Nos. 4, 7, 11, 12 and 13. All objections are overruled, except as to privilege. Defendant must provide plaintiff with new written responses, separately addressing each particular request pursuant to Fed. R. Civ. P. 34(b), and signed pursuant to Fed. R. Civ. P. 26(g)(2), clearly stating either that all non-privileged responsive materials are being produced or that it has no responsive non-privileged materials in its possession, custody or control. If defendant is withholding any responsive materials on grounds of any privilege, it must provide the log required by Fed. R. Civ. P. 26(b)(5), failing which any such privileges will be deemed waived.

    The motion is denied as to Requests for Production Nos. 5, 6 and 8. The objections are sustained, particularly in that the requests are vague as to the "activity" to which it relates and overly broad in their failure to limit themselves to a relevant time period.

    The motion is granted in part and denied in part as to Requests for Production Nos. 9 and 10. The requests are overly broad and vague. However, the motion is granted in part in that defendant must produce all responsive materials relating to any meeting during the specified limited time period at which participants discussed the safety of the

precise work function in which plaintiff was involved at the time of the accident alleged in the case. The motion is denied insofar as it requests a broader category of materials.

The motion is granted in part and denied in part as to Request for Production No. 21. The written response is sufficient and need not be supplemented. However, the motion is granted in part in that all responsive materials must be obtained and made available for inspection by plaintiff as provided herein.

The motion is granted as to Request for Production No. 22, but only as provided herein. The objections are overruled, except as to work product. See generally Karr v. Four Seasons Maritime, Ltd., 2004 WL 797728 (E.D. La. April 12, 2004). Defendant must provide plaintiff with a new written response to this request, without objection and signed pursuant to Rule 26(g)(2), clearly stating either that all non-privileged materials responsive to this request are being produced or (as indicated in defendant's opposition memorandum) that it has no responsive materials in its possession, custody or control. If defendant is withholding any responsive materials on grounds of any privilege, it must provide the log required by Fed. R. Civ. P. 26(b)(5), failing which any such privileges will be deemed waived.

The motion is granted as to Interrogatory No. 1. Interrogatories must be answered "separately and fully." Fed. R. Civ. P. 33(b)(1). "[A]n evasive or incomplete . . . answer, . . . is to be treated as a failure to . . . answer." Fed. R. Civ. P. 37(a)(3). The current response fails to answer the question, and an answer must be provided.

The motion is granted in part and denied in part as to Interrogatory No. 7. The motion is granted and all objections are overruled insofar as the interrogatory seeks a list of all persons, including their addresses and last known employers, who investigated plaintiff's accident that is the basis of this lawsuit. Such a list merely identifies potential witnesses and can in no way constitute privileged or otherwise protected information. The motion is denied, subject to the condition contained herein, insofar as the interrogatory seeks "a copy of all investigative reports." Such reports may well constitute protected work product, Rule 26(b)(3) material or privileged information. However, as to any such information being withheld on any of these grounds by defendant, a log as required by Rule 26(b)(5) must be provided, failing which any such privileges will be deemed waived.

The motion is denied as to Interrogatories Nos. 9 and 12. All objections are sustained.

The motion is granted as to Interrogatories Nos. 13 and 14, and all objections are overruled. See generally Karr v. Four Seasons Maritime, Ltd., 2004 WL 797728 (E.D. La. April 12, 2004). The mere existence of such information and the identifying facts sought in these interrogatories can in no way be privileged or protected work product.

These interrogatories must be clearly answered without objection, along the lines defendant has stated in its memorandum in opposition to this motion, as long as that information is true.

In addition, neither the copies of answers to interrogatories attached to plaintiff's motion nor the responsive information provided in defendant's opposition memorandum are sworn under oath by a representative of defendant, as required by Fed. R. Civ. P. 33(b)(1) and (2). As to all interrogatory answers, both the originals and the supplemental answers ordered herein, the required verification must be provided.

All materials ordered herein, including additional Rule 34(b) written responses to requests for production, the actual production of all responsive materials, all additional answers to interrogatories, Rule 26(b)(5) privilege logs and the Rule 33(b) verification of all interrogatory answers must be provided by defendant to plaintiff within ten (10) days of entry of this order.

New Orleans, Louisiana, this 18th day of July, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE